■ Eric Vandiver, an Infant, by His Mother and Natural Guardian, Maudine Vandiver, et al., Respondents, v New York City Housing Authority, Respondent, and Flynn Hill Elevator Corporation, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Flynn Hill Elevator Corporation appeals from an order of the Supreme Court, Kings County (Held, J.), dated January 26, 1989, which denied its motion for partial summary judgment dismissing the contractual indemnification cross claim of the defendant New York City Housing Authority.

Ordered that the order is affirmed, with one bill of costs.

The action at bar was commenced against, inter alia, the defendants Flynn Hill Elevator Corporation (hereinafter Flynn Hill) and the New York City Housing Authority after the infant plaintiff allegedly stepped into an open elevator shaft at the Marcus Garvey apartment complex and sustained

personal injuries. The New York City Housing Authority cross-claimed against Flynn Hill, seeking indemnity pursuant to the terms of an elevator maintenance contract executed by Flynn Hill in June 1980. Apparently, the foregoing contract was signed some months after the parties had orally agreed that Flynn Hill would provide elevator repair services and after certain work had already been performed.

Thereafter, Flynn Hill moved for partial summary judgment seeking dismissal of the cross claim for indemnification, contending, *inter alia,* that its obligations were governed by the parties' prior oral agreement under which, allegedly, only "on call" and not regular maintenance services were to be provided and pursuant to which no duty to indemnify existed. The Supreme Court denied the motion. We affirm.

Contrary to Flynn Hill's contentions, the Supreme Court properly denied its motion for partial summary judgment dismissing the cross claim for contractual indemnification. Although Flynn Hill contends that it performed services on a "call-by-call" basis pursuant to an oral agreement, the New York City Housing Authority produced evidence suggesting, *inter alia,* that Flynn Hill had executed and performed work under the agreement later reduced to a written contract, and containing the indemnity provision. Specifically, the New York City Housing Authority produced a written maintenance contract executed by Flynn Hill, invoices suggesting that work was performed pursuant to the terms of the contract and an affirmation by an official of the New York City Housing Authority who stated that it was not the Authority's practice to award contracts for "on call" services. Although Flynn Hill contends otherwise, the parties' conflicting assertions with regard to the terms of their agreement cannot be resolved as a matter of law, and, accordingly, partial summary judgment was properly denied.

We have reviewed Flynn Hill's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.